654 F.Supp. 1143 (1987)
Frank P. TREJO, et al., Plaintiffs,
v.
James WATTLES, et al., Defendants.
Civ. A. No. 85-K-191.
United States District Court, D. Colorado.
February 25, 1987.
*1144 Robert Justin Driscoll, Denver, Colo., for plaintiffs.
Halaby & McCrea, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER
KANE, District Judge.
This case is before me on defendants' motion for summary judgment. Jurisdiction is based upon 42 U.S.C. Section 1983. On November 19, 1983, defendant Denver Police Officer James Wattles, while acting in the course of his employment, shot and killed Daniel A. Trejo. Decedent's father, Frank Trejo, brought this civil rights action individually and as executor of his son's estate. Plaintiffs seek recovery against Officer Wattles; Officer William Carter, Wattles' partner; Frederico Pena, Mayor of the City of Denver; Thomas Coogan, Chief of the Denver Police Department; John Simonet, former Manager of Safety; and the City and County of Denver. J.D. MacFarlane has succeeded Simonet as Manager of Safety.
After my December 9, 1985 Order dismissing certain claims asserted by plaintiffs, and ordering plaintiffs to amend their complaint to allege facts sufficient to sustain their 42 U.S.C. section 1985 claims, the following claims remained: (1) 42 U.S.C. section 1983 claims brought by the estate and his father for deprivation of his own constitutional rights (1st and 7th claims); (2) section 1985 claims against defendants Wattles and Carter on behalf of both decedent's and his father's constitutional rights (3rd and 4th claims); and (3) section 1985 claims against defendant's Pena, Coogan, and MacFarlane on behalf of both decedent's *1145 and his father's constitutional rights (5th and 6th claims).

I. BACKGROUND
Two plain clothes Denver police detectives shot and killed the decedent when they came upon a group of individuals engaged in a fist fight. Without identifying themselves as police officers, they exited their unmarked vehicle intending to break up the fight, noticed that one of the individuals, Trejo, had a gun and was in the act of shooting it at others and shot and killed him. Although Wattles and Carter admit they shot Trejo, they assert they acted in good faith and with the reasonable belief in the lawfulness of their actions in the defense of others and themselves. Plaintiffs assert that genuine issues of material fact exist as to the reasonableness of defendants' acts, thereby precluding summary judgment.

II. SUMMARY JUDGMENT
Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. In determining the existence of any genuine issue of material fact, the record is construed in the light most favorable to the party opposing the motion. Otteson v. United States, 622 F.2d 516, 519 (10th Cir.1980). However, the adverse party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). "[T]he plain language of Rule 56(e) mandates the entry of summary judgment, after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, ___ U.S. ___, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). See also Anderson v. Liberty Lobby, Inc., ___ U.S. ___, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

III. FAILURE TO AMEND SECTION 1985 CLAIMS
On December 9, 1985, I ordered plaintiffs to amend their Section 1985 claims, if they could, to allege a classbased, discriminatory animus, and provide a factual basis for such allegations. Plaintiffs did not make such amendments nor did they provide a factual basis for the Section 1985 claims. Accordingly, Plaintiff's Third, Fourth, Fifth, and Sixth Claims for relief, which assert claims under 42 U.S.C. 1985 are dismissed with prejudice.

IV. 42 U.S.C. SECTION 1983 CLAIMS
Defendants argue that the claims asserted against the supervisory officials should be dismissed because there is no allegation of personal knowledge of, or participation in, wrongdoing by Pena, Coogan, or MacFarlane. Absent such personal involvement, defendants maintain, plaintiffs can only bring suit against these defendants in their official capacities.
In an official-capacity action, a governmental entity is liable under Section 1983 only when the entity itself is a "moving force" behind the deprivation. Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114, 122 (1985) [citing Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ]. In City of Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), the Supreme Court defined the contours of Section 1983 actions against municipalities and reaffirmed the Monell requirement that municipal liability under Section 1983 can only be imposed for injuries inflicted pursuant to government "policy or custom."
Plaintiffs' failure to set forth the "policy or custom" which is required to *1146 hold an entity liable under Monell, supra and their failure to provide a factual basis for such claims merits dismissal of the city officials. Accordingly, the city officials, Pena, Coogan and MacFarlane are dismissed with prejudice.

V. QUALIFIED IMMUNITY
Whether defendants Wattles and Carter are entitled to qualified immunity is determinative in deciding whether they are subject to liability under 42 U.S.C. section 1983. Defendants argue that, as a matter of law, the detectives' acts were constitutionally reasonable under the circumstances, thereby cloaking them with qualified immunity and making summary judgment proper on the remaining section 1983 claim. They cite Garcia v. Wyckoff, 615 F.Supp. 217 (D.Colo.1985), Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), and Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) in support of their position.
Defendants Wattles and Carter assert that they acted in good faith and with reasonable belief in the lawfulness of their actions in defense of others and themselves. Defendants' argument is compelling in light of the cases they cite and the facts which are not in dispute.
Individual police officers do not have absolute immunity from civil rights suits such as that accorded judges and prosecutors. They have been held, however, to be entitled to a qualified or good faith immunity under Section 1983 unless they violate a clearly established constitutional or statutory right of which they knew or should have known at the time of the alleged acts. Brierley v. Schoenfeld, 781 F.2d 838, 842 (10th Cir.1986) (citing Martinez v. Winner, 771 F.2d 424, 444 (10th Cir.1985). In instances where the negligence of police may constitute a denial of substantive due process, the Tenth Circuit has held that in order to subject police officers to a Section 1983 damage claim there must be evidence of an abuse of official power that shocks the conscience. Lessman v. McCormick, 591 F.2d 605, 609-611 (10th Cir.1979). Accordingly, the Tenth Circuit has held, just as the Supreme Court did in Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that not all unlawful deprivations of liberty by police were intended to be actionable under Section 1983. Stringer v. Dilger, 313 F.2d 536 (10th Cir.1963). Thus, not all force by police officers constitutes a Section 1983 action and not all state torts are constitutional violations to be vindicated pursuant to Section 1983. Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979); Sampley v. Ruettgers, 704 F.2d 491 (10th Cir.1983); Wise v. Bravo, 666 F.2d 1328 (10th Cir.1981).
In Anthony v. Baker, 767 F.2d 657, 664-65 (10th Cir.1985), the Tenth Circuit recognized that under the objective standard test set forth in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), officials performing discretionary functions are shielded from liability for civil damages if their conduct does not violate clearly established constitutional or statutory rights which a reasonable person would have known. See also Benavidez v. Gunnell, 722 F.2d 615 (10th Cir.1983).
Defendants argue their use of deadly force was reasonable under the standards set forth in Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), the same standards which I followed in Garcia v. Wyckoff, 615 F.Supp. 217 (D.C.Colo. 1985). In Garner the Supreme Court approached the propriety of using deadly force through the fourth amendment. It began by characterizing the use of force by police as a seizure subject to the reasonableness requirements of the fourth amendment. The Garner majority then subjected the seizure or intrusion to a careful balancing test, weighing the "nature and quality of the intrusion on the individual's fourth amendment interests against the importance of governmental interests alleged to justify the intrusion." Garner, *1147 471 U.S. at 7-8, 105 S.Ct. at 1699. Because one of the factors is the extent of the intrusion, it is plain that reasonableness depends on not only when a seizure is made, but also how it is carried out. Id. (Citing United States v. Ortiz, 422 U.S. 891, 895, 95 S.Ct. 2585, 2588, 45 L.Ed.2d 623 (1975); Terry v. Ohio, 392 U.S. 1, 28-29, 88 S.Ct. 1868, 1883-1884, 20 L.Ed.2d 889 (1968)).
In balancing decedent's interest in being free from intrusive seizure which resulted in the loss of his life against the governmental interest in effective law enforcement, it is obvious that Wattles and Carter acted reasonably under the circumstances. As stated in Garner, 471 U.S. at 11-12, 105 S.Ct. at 1701:
Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.
In the present case, the material facts are not in dispute. Decedent was in the act of shooting at others when defendant detectives drew their weapons and opened fire on him. The witness statements indicate that two individuals were shot by decedent, one in the hand, the other in the stomach before the detectives shot and killed him. Although the detectives did not identify themselves before fatally shooting decedent, such identification was not feasible because of the urgency and danger of the situation.
Here defendant detectives acted in the course of their employment. Their conduct in light of the balancing test discussed above, was consistent with the governmental interests of protecting the lives of others from Trejo's shooting. Accordingly, I find that Wattles' and Carter's use of force was justified and reasonable. They are entitled to qualified immunity, thereby relieving them of any liability under 42 U.S.C. Section 1983.
IT IS THEREFORE ORDERED THAT:
1. Defendants motion for summary judgment is granted on all of plaintiff's claims.
2. The entire action is dismissed with prejudice.
3. Plaintiff's are not barred by this order from seeking a remedy in state court pursuant to Colo.Rev.Stat. Sections 13-20-101 and 13-21-202 (1973, Cum.Supp.1986).